UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

RICHARD ISASI,

        Plaintiff,

-against-

ROBERT C. HEINEMANN, Clerk of Court;
CATHERINE O'HAGAN WOLFE, Clerk of
Court,

        Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER
08-CV-5284 (BMC)

**COGAN**, District Judge.

Plaintiff, incarcerated at Attica Correctional Facility, has filed the instant action *pro se* pursuant to 42 U.S.C. § 1983, against the Clerk of Court of the United States District Court for the Eastern District of New York ('Eastern District') and the Clerk of Court of the United States Court of Appeals for the Second Circuit ('Second Circuit'). Plaintiff has also filed an Application for a Temporary Restraining Order ('TRO'). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the following reasons, plaintiff's complaint is dismissed and his request for a TRO is denied.

## BACKGROUND

Plaintiff's instant allegations stem from plaintiff's 28 U.S.C. § 2254 habeas action before the Honorable Jack B. Weinstein. See Isasi v. Herbert, 01-CV-1804 (JBW). Plaintiff alleges that the Eastern District's Clerk of Court, Robert C. Heinemann, failed to comply with an Order Judge Weinstein issued in his habeas action on November 2, 2007, which directed that the case be closed and that certain documents be forwarded to the Second Circuit. See 01-CV-1804, docket

1

entry 101. Plaintiff also alleges that the Second Circuit's Clerk of Court, Catherine O'Hagan Wolfe, and "[b]oth clerk's Offices conspired against his rights with state and Federal Officials." Compl. at 3. Plaintiff seeks $9 million in damages. Compl. at 4.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). See also Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173 (1980) (citations omitted); McEachin v. McGuinnis, 357 F.3d 197, 200-01 (2d Cir. 2004). However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants failed to administratively process certain documents. Cognizant of the Court's duty to construe *pro se* actions liberally, this Court interprets plaintiff's complaint as an action brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999

(1971). A Bivens action is the non-statutory federal counterpart of a suit brought pursuant to 42 U.S.C. § 1983 and is aimed at federal rather than state officials. Butz v. Economou, 438 U.S. 478, 498-99, 98 S.Ct. 2894 (1978); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

The Court notes that Bivens claims against federal officers in their official capacities are prohibited under the doctrine of sovereign immunity. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). To maintain a Bivens claim against the defendants in their individual capacities, plaintiff would need to show that they either participated in or personally authorized wrongful actions by others. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Defendant Robert C. Heinemann is the Clerk of Court of the Eastern District, and defendant Catherine O'Hagan Wolfe is the Clerk of Court of the Second Circuit. The role of the Clerk of Court includes performing functions at the direction of judges, as well as performing purely administrative tasks. Court clerks have been granted absolute immunity where the judge was the ultimate decision maker and the clerk was just carrying out the orders of the judge. See Oliva v. Heller, 839 F.2d 37, 39 (2d Cir. 1988) (court clerks are accorded absolute immunity where their acts are of a judicial nature). However, in the performance of ministerial, nonjudicial duties, a clerk is entitled to qualified, good faith immunity. Kane v. Han, 550 F.Supp 120, 122-23 (E.D.N.Y. 1982); Gutierrez v. Vergari, 499 F.Supp. 1040, 1047 n. 5 (S.D.N.Y. 1980). Under this immunity, clerks are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982).

Here, the Court finds no basis for this action as a review of the docket sheet in plaintiff's habeas action reveals that plaintiff's case and the required documents were transmitted to the

3

Second Circuit by the Eastern District's Appeals Unit on November 8, 2007 and again on November 25, 2008, as was directed by Judge Weinstein. Thus, plaintiff's rights have not been violated. Moreover, plaintiff alleges no facts to indicate that defendants were engaged in a conspiracy to deny him access to the Second Circuit or to support a plausible claim for the existence of a conspiracy, see Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007); Straker v. Metropolitan Transit Auth., 333 F. Supp. 2d 91, 101-02 (E.D.N.Y. 2004), and plaintiff alleges no facts suggesting that defendants were personally involved in the processing of his court documents.

## CONCLUSION

Accordingly, plaintiff's complaint, filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, is dismissed as it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff's application for a Temporary Restraining Order is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

S/BMC

U.S.D.J

Dated: Brooklyn, New York
January 21, 2009

4